## Waterproofed Products Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 27419. Promulgated February 26, 1932.

*W. H. James* and *W. F. Williamson, Esq.*, for the petitioner.
*J. A. Lyons, Esq.*, and *E. L. Updike, Esq.*, for the respondent.

OPINION.

TRAMMELL: The correctness of the income-tax deficiencies determined in the total amount of $39,366.99 against the taxpayer is not disputed by the petitioner. It merely contends that it is not liable at law or in equity for payment of such liability, as it was a purchaser

for value, the stock issued by it to the taxpayer having a par value and actual value in excess of the net value of the assets it acquired.

Petitioner acquired the assets of the taxpayer corporation in exchange for its capital stock, which had a value equal at least to that of the assets, and claimed by the taxpayer to be in excess of that value, and agreed as a part of the consideration to pay certain specific liabilities, these being all of the known liabilities of the taxpayer. These liabilities did not include that now asserted for Federal taxes.

It is well settled that where one corporation sells its assets to another for stock of the latter which is issued directly to the stockholders of the seller, thus leaving the seller without assets to satisfy its creditors, the purchaser is liable to the creditors of the seller to the extent of the value of the assets received, as such a sale is a fraud upon the creditors and the purchaser is a party to the fraud. *Woodley Petroleum Co.*, 16 B. T. A. 253; *United States* v. *Capps Manufacturing Co.*, 15 Fed. (2d) 528; *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 884. This rule has been applied to cases where the consideration paid was capital stock of the purchasing corporation delivered to the seller where the transaction resulted in a fraud upon creditors. *Hibernia Insurance Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Railway Express Co.* v. *Commonwealth*, 190 Ky. 638; 228 S. W. 433. It is also well established that where a new corporation is organized to take over assets of another corporation for stock, the new company being simply a reincorporation or reorganization of the old, with the same assets and business, the new corporation is liable for the debts of the old. See *Central Ry.* v. *Paul*, 93 Fed. 878; *Hibernia Ins. Co.* v. *St. Louis & New Orleans Transportation Co.*, *supra; Northern Pacific Ry.* v. *Boyd*, 228 U. S. 482. See also Thompson on Corporations, sec. 6517, and cases cited in notes in 11 L. R. A. N. S. 1119; 32 L. R. A. N. S. 616; 47 L. R. A. N. S. 1058.

In this case the evidence discloses that the directors of the Gold Medal Waterproofing Company, the old corporation, organized the new corporation to carry on the business formerly carried on by the old company with the same assets, except for a tract of land, valued at about $2,000. This land, while conveyed to the new company, was reconveyed to the Gold Medal Company and it disposed of it. The old company was kept in technical legal existence, although it had no assets, and failed to pay its franchise tax to California. As a result it became suspended as a corporation. For all practical purposes it was the same as if it had been legally dissolved.

We think that the facts in this case distinguish it from our decision in the *Metropolitan Securities Corporation*, 19 B. T. A. 299. See *Signal Gasoline Corporation*, 25 B. T. A. 532.

Here the new corporation was in every substantial sense a reincorporation or reorganization of the old, with the same assets and business acquired for stock. The decisions of the courts are practically uniform in holding that under such circumstances the creditors can follow the assets into the new corporation. The new corporation under this principle is liable to the extent of the value of the assets received, to wit, $33,000.

We therefore hold that the petitioner is liable as a transferee.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK, GOODRICH, and LEECH concur in the result.